IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

        Plaintiff,

                                        Case No. 2:12-cv-01880-HZ

                                        OPINION & ORDER

       v.

MICHAEL GOWER, et al,

        Defendants.

Christopher Lee Barnes
#11865762
SNAKE RIVER CORRECTIONAL INSTITUTION
777 Stanton Blvd
Ontario, OR 97914-8335

    Pro Se Plaintiff

Robert E. Sullivan
OREGON DEPARTMENT OF JUSTICE
Trial Division
1162 Court Street NE
Salem, OR 97301

1 - OPINION & ORDER

    Attorney for Defendants

HERNANDEZ, District Judge:

    Pro se plaintiff Christopher Lee Barnes is an inmate in the custody of the Oregon Department of Corrections at Two Rivers Correctional Institution in Umatilla, Oregon. He brings this civil rights action pursuant to 42 U.S.C. § 1983 against Collette Peter[s], the "Director of [t]he Oregon Department of Corrections at [t]he Dome Building in Salem for the Oregon Department of Corrections"; Michael Gower, the "Assistant Director of [t]he Operations Division"; Steve Franke, the "Superintendent of [t]he Two Rivers Correctional Institution"; and "Ms. Whelen", the "Health Services Manager for the Two Rivers Correctional Institution". Compl., pp. 3-4. Plaintiff alleges Defendants failed to provide him with adequate "[m]edical [c]are" in violation of his First Amendment right to "[f]reedom of [s]peech, [p]ress, [a]ssembly and [p]etition", Eighth Amendment right to be free from "cruel and unusal [p]unishment", and Fourteenth Amendment right to [d]ue [p]rocess". Id., p. 4; Civil Cover Sheet, p.1. Now before me is Defendant's motion to dismiss (doc. #27) claims against Peters, Gower, and Franke for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, Defendants' motion is granted.

## STANDARD

    When considering a rule 12(b)(6) motion under the Federal Rules of Civil Procedure, a court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." Erickson v. Pardus, 551

---

[1] Plaintiff did not file a responsive brief to Defendants' motion.

U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). The facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citations and internal quotation marks omitted).

### DISCUSSION

Plaintiff generally alleges he "signed up for sick call on June 11, 2012 requesting to be sent out for an M.R.I. [sic] to see what is causing [him] to suffer from server [sic] Migrains [sic] that cause [him] to vomit & [sic] pass out for 5 hours or more." Compl., p. 4. With respect to Peters, Plaintiff alleges that "[e]very time [he] send [sic] . . . Peters an Inmate Communication Form regarding the Criminal Negligence & Mistreatment Issues[,] . . . Peters just sends The [sic] Inmate Communication Forms [sic] over to . . . Gowers . . . ." Id., p. 5. With respect to Gower, Plaintiff alleges he "never responded to the Inmate Communications Form [Plaintiff] sent him about this Issue [sic]." Id., p. 4. With respect to Franke, Plaintiff alleges Franke "is always responding via Department LetterHead [sic] stating that he has looked into [Plaintiff's] claims"

3 - OPINION & ORDER

and that he "has found . . . Nothing [sic] to support [Plaintiff's] claims." Id., p. 5.  Plaintiff further alleges that Franke "does not visit The OSU [sic] or Main Line [sic] areas to see how The Daily Operations [sic] are being handled nor does he provide any Evidence [sic] of his Investigations [sic]." Id.  Lastly, with regard to Whelan, Plaintiff alleges she "is refusing to do her job by giving [him] Kytes [sic] that [he] address [sic] to her for someone else to answer & [sic] refuses to investigate [his] claim that [he] did sign up for sick call." Id., p. 4.

      Defendants concede that Plaintiff sufficiently states a claim against Whelan for failing to evaluate or treat his migraines.  They, however, argue that Plaintiff fails to state a claim against Peters, Gower, and Franke.  I agree.

      Even when assuming Plaintiff's factual allegations as true, Plaintiff fails to state a claim against Peters, Gower, and Franke.  It is unclear how Plaintiff's First, Eighth, or Fourteenth Amendment rights are implicated based on the allegations in the Complaint.  Although the First Amendment covers a diverse array of rights such as freedom of speech, freedom of press, religious freedom, freedom of assembly, and the right to petition the government, Plaintiff does not set forth any facts establishing that his First Amendment rights were violated.  U.S. Const. amend. I.  The Complaint is also lacking any factual allegations supporting a claim that the specific actions of Peters, Gowers, and Franke are proscribed under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); U.S. Const. amend. VIII.  The Complaint is also void any facts showing Peters, Gowers, and Franke deprived him of his right to due process of law or the procedural protections protected under the Fourteenth Amendment.  Foss v. Nat'l Marine Fisheries Servs., 161 F.3d 584, 588 (9th Cir. 1998); U.S. Const. amend. XIV.  Based on the allegations in the Complaint, it is simply unclear how any of Plaintiff's rights under the Amendments he cites are implicated.

4 - OPINION & ORDER

In sum, the Complaint is absent sufficient facts alleging how Peters, Gowers, and Franke violated Plaintiff's constitutional rights.

## CONCLUSION

Based on the reasons above, Defendants' motion to dismiss (doc. #27) is GRANTED.

IT IS SO ORDERED.

Dated this 23 day of May, 2013.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER