IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

              Plaintiff,

    v.

MICHAEL GOWER, MS.WHELAN,
COLLETTE PETERS, STEVE FRANKE,

              Defendants.

No. 2:12-cv-01880-HZ

OPINION & ORDER

Matthew S. Kirkpatrick
Kenneth R. Davis, II
LANE POWELL, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204

Attorneys for Plaintiff

Vanessa A. Nordyke
OREGON DEPARTMENT OF JUSTICE
1162 Court Street N.E.
Salem, OR 97301

Attorney for Defendants

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Christopher Lee Barnes moves to amend his complaint pursuant to Federal of Civil Procedure 15(a)(2). For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed the original complaint in this action *pro se* on October 17, 2012, alleging violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff brought claims against Defendants Michael Gower, Ms. Whelan, Collette Peters, and Steve Franke. On March 27, 2013, Defendants moved for partial dismissal of Plaintiff's complaint. Defendants moved to dismiss three of the four named defendants. The only portion of Plaintiff's complaint that Defendants did not move to dismiss was the claim for inadequate medical care against Defendant Whelan. On May 23, 2013, this Court granted Defendants' motion in its entirety and made clear that the action survived only to the extent that Plaintiff claimed that Defendant Whelan failed to evaluate or treat his migraines. On November 5, 2013, Defendant Whelan moved for summary judgment.

On March 13, 2014, Plaintiff was appointed his present counsel. Throughout 2014, the parties conducted discovery regarding the claim of inadequate medical care and Plaintiff responded to Defendant's summary judgment motion. Plaintiff at no point moved to amend his complaint.

On February 3, 2015, this Court heard oral argument on Defendant Whelan's motion for summary judgment. At the argument, the Court and the parties discussed the scope of Plaintiff's allegations—specifically, whether or not Plaintiff's claim was limited to Defendant's failure to provide Plaintiff with an MRI. On February 17, 2015, this Court issued an opinion denying

Defendant's motion for summary judgment. The opinion addressed the scope of Plaintiff's claim:

> Plaintiff's Complaint focuses more narrowly on his request for an MRI to determine the cause of his migraines. However, the Court construes his claim to allege in more general terms a failure to receive adequate treatment, because Plaintiff was pro se at the time he filed his Complaint.

Opinion & Order, February 17, 2015 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed'[.]")).

Two days later, on February 19, 2015, Plaintiff moved for leave to file an amended complaint. Plaintiff's motion stated that the proposed amendment was filed "out of an abundance of caution . . . to provide additional detail regarding defendant's failure to provide medically necessary diagnosis and treatment of his migraines." Pl.'s Mot. 2. Plaintiff argued that he needed to amend his complaint to ensure that his claim was not limited to his MRI request. Pl.'s Mot. 3. Plaintiff offered no other reason for filing his motion to amend the complaint.

## STANDARDS

Under Rule 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) prescribes that "[t]he court should freely give leave when justice so requires." Id. "'This policy is to be applied with extreme liberality.'" C.F. ex rel Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

3 - OPINION & ORDER

Cir. 1989) (citations omitted) (citing Leighton, 833 F.2d at 186; Foman v. Davis, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Plaintiff unnecessarily delayed seeking to amend his complaint. Plaintiff's contention that Defendant somehow prompted this motion "by waiting two and a half years before claiming not to understand the basis for plaintiff's claims" is unpersuasive. Pl.'s Reply 5. Plaintiff was appointed counsel in March 2014. At that point, counsel could have determined that Plaintiff's *pro se* complaint lacked sufficient detail and clarity to frame the allegations in the way Plaintiff intended. Counsel had nearly a year between appointment and the summary judgment oral argument. Seeking leave to amend the complaint at this point unduly delays the resolution of this case, which has now been pending for two and a half years.

Plaintiff's entire motion for leave to amend focuses on the need to ensure that Plaintiff's claim of inadequate medical treatment is not limited to the failure to obtain an MRI. However, this Court's February 17, 2015 Opinion & Order renders Plaintiff's motion unnecessary. This Court expressly stated that Plaintiff's claim would be construed broadly. The Court denied summary judgment and stated:

> To summarize, viewing the facts in the light most favorable to Plaintiff, there are factual disputes as to whether Plaintiff's treatment plan was effective, whether Defendant knew that it was ineffective, whether Defendant intentionally denied or delayed treatment, whether the delay of treatment led to further injury, whether Defendant intentionally failed to obtain the OYA report and provide it to the TLC committee, and whether the committee should have had access to the report before making a decision about his treatment plan. Taken as a whole, Plaintiff raises issues of fact as to whether Defendant was deliberately indifferent.

Opinion & Order, February 17, 2015, [113]. The Court's broad construction of the original complaint renders the proposed amendment unnecessary. Justice does not require the Court to delay resolution of this action at this point in the proceedings.

## CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint [111] is DENIED.

IT IS SO ORDERED.

DATED this \_\_\_20\_\_\_ day of \_\_April\_\_, 2015.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER